UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAULA DEAN BENSON,

     Plaintiff,

v.                                                                          Case No. 3:19cv4926-RV-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS,

     Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 arising out of the termination of her employment with the Florida Department of Corrections ("FDOC"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the initial complaint under 28 U.S.C. § 1915(e)[1], the undersigned issued an order informing Plaintiff that her complaint failed to state a viable claim for relief under § 1983 and allowing Plaintiff an opportunity to file an amended complaint. ECF Doc. 4. Plaintiff filed an amended complaint on March 3, 2020. ECF Doc. 5.

---

[1] *See Atamian v. Burns*, 236 F. App'x 753, 754 (3rd Cir. 2007) ("the provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners").

The undersigned has screened the amended complaint under 28 U.S.C. § 1915(e) and, for the reasons set forth herein, respectfully recommends this action be DISMISSED for failure to state a claim on which relief can be granted. Specifically, a fair and liberal reading of Plaintiff's complaint shows that, while she did not get along with her supervisor, she has not alleged any facts from which the Court can reasonably infer that any animus by Plaintiff's supervisor violated Plaintiff's constitutional rights or federal law. Moreover, Plaintiff has failed to exhaust any claims of discrimination.

## I.    THE AMENDED COMPLAINT

Plaintiff is a former employee of the FDOC Probation and Parole Services. Her amended complaint names two (2) defendants: Janice Ricketson, her former supervisor, and Julie Gaither, her former Circuit Administrator.[2] ECF Doc. 5 at 3. The factual allegations set forth in the amended complaint are almost identical to those set forth in the initial complaint and are as follows:

Plaintiff was employed by the FDOC from January of 1995 until she was terminated on June 25, 2018. Plaintiff's problems appear to have begun in or around October of 2015, after she was promoted to the position of Probation Officer

---

[2] Her initial complaint identified the defendants in the "Parties" section of the complaint form as "Dept. of Corrections, Probation & Parole Services (Janice Ricketson)" and "Department of Corrections, Probation & Parole Services (Julie Gaither)." ECF Doc. 1 at 3. It identified the "State of Florida, Probation & Parole Services" in the case style. In her amended complaint, she still identifies "State of Florida, Probation & Parole Services" in the case style, but identifies the defendants in the "Parties" section as "Janice Ricketson" and "Julie Gaither." ECF Doc. 5 at 3.

Specialist and Defendant Ricketson became her supervisor. Throughout the following year, Plaintiff took issue with various comments Ricketson made to her, Ricketson's overall attitude towards her, and the workload Ricketson gave her relative to other Probation Officer Specialists.

For instance, in January of 2016, Plaintiff called Ricketson from home and told her she was ill, to which Ricketson responded, "I'm not a happy camper," and then asked Plaintiff about a homeless sex offender, rather than how Plaintiff was feeling. *Id.* at 9. In February, Plaintiff called Ricketson and told her she needed to go to the doctor for an allergic reaction, and Ricketson "lit into [Plaintiff] about a case and showed not [sic] empathy at all." *Id.* In April, Ricketson assigned Plaintiff "three (3) homeless cases … and the other Probation Specialists had only gained one (1) each for the month." *Id.* In August, Ricketson gave Plaintiff "a two (2) day turnaround violation of probation (vop) to complete when the timeframe is generally five (5) days." *Id.* at 10. Additionally, that same month, Ricketson gave Plaintiff a case she felt should not have been assigned to her and, when Plaintiff questioned the assignment, Ricketson told Plaintiff she "was the only officer that asked so many questions and that [she] asked questions trying to get out of doing the job" and that she "better get it together because evaluations are coming up." *Id.* at 10.

After each of these encounters, Plaintiff went to the Circuit Office and spoke to the Circuit Administrator – Mrs. Brown and then, when Mrs. Brown retired,

Defendant Gaither – about Ricketson's attitude. Plaintiff repeatedly asked to be transferred to another supervisor, but her request was repeatedly denied, and she remained under Ricketson's supervision for nearly two (2) years. Plaintiff filed a grievance against Defendant Ricketson in September of 2016, but her grievance was never addressed.

On December 5, 2016, Plaintiff "fell while on the job conducting residence verifications on the sex offenders on [her] caseload." *Id.* at 11. She was subsequently placed on sick leave, and she returned to work on January 3, 2017 on light duty. On her first day back, Ricketson sent Plaintiff a list of tasks that were due at 3:00 PM that same day. Plaintiff advised the worker's compensation nurse about the list of assigned tasks, and "[t]he nurse could tell that [Plaintiff] was obviously stressing about the situation" and suggested Plaintiff go home. *Id.* Plaintiff subsequently returned to sick leave.

In April of 2017, Plaintiff was "released from [her] doctor to return to work on restricted duty." *Id.* at 12. Several months later, Plaintiff was transferred to another office. Then, on June 25, 2018, Plaintiff was terminated. Plaintiff alleges she "was never given the opportunity to receive FMLA." *Id.* Based on the foregoing, Plaintiff believes she was (1) unlawfully terminated from her employment with the FDOC; (2) discriminated against by Defendants; and (3)

denied the right to take unpaid medical leave under the FMLA. As relief, she seeks monetary damages in the amount of $500,000.

## II.    LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). If the complaint is deficient, the court is required to dismiss the suit *sua sponte*. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 680 (11th Cir. 2018). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Id.* at 681 (quoting *Clark v. Ga. Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal under this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

Plaintiff's claims are subject to dismissal because, despite being given the opportunity to more carefully craft her complaint to state a claim, Plaintiff's amended complaint is devoid of any facts that show Defendants (1) discriminated against her in violation of either the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), or the Family Medical Leave Act ("FMLA") or (2) deprived her of a property interest without due process in violation of the Fourteenth Amendment.  Also, any discrimination claims under the ADA or Title VII are time-barred.

Additionally, because Plaintiff was previously advised of the deficiencies in her initial complaint and allowed to amend, the undersigned finds that a second amendment would be futile.  *See Sirmans v. Williams*, 2009 WL 1788186, at \*2 (N.D. Fla. June 22, 2009) ("[s]ufficient opportunities have been provided to Plaintiff to make the allegations necessary, and no further chances should be extended").

### A.    Discrimination

As an initial matter, although Plaintiff alleges, in conclusory fashion, that she was discriminated against during her employment, she does not identify what constitutional or federal laws were violated.  Nonetheless, because the Court is to

read Plaintiff's complaint liberally, the undersigned considered Plaintiff's allegations under the ADA, Title VII and FMLA.[3]

1.    Exhaustion

As set forth in the undersigned's prior order (ECF Doc. 4), any claim by Plaintiff that she was discriminated against under the ADA or Title VII is barred because Plaintiff failed to timely exhaust her administrative remedies. To file a claim for discrimination under either the ADA or Title VII, a plaintiff must first exhaust her administrative remedies, beginning with the filing of a timely charge of discrimination with the EEOC. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *see also Fry v. Muscogee County School Dist.*, 150 F. App'x 980, 981-82 (11th Cir. 2005).

Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge. *Jordan v. City of Montgomery*, 283 F. App'x 766,

---

[3] Attached to Plaintiff's initial complaint was a Dismissal and Notice of Rights letter from the United States Equal Employment Opportunity Commission ("EEOC"), from which it appears that Plaintiff may have filed a claim against the FDOC for discrimination under the ADA, FMLA or Title VII. Thus, for purposes of this Order, the undersigned will consider the factual allegations in Plaintiff's amended complaint *and* initial complaint. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("[t]he Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [on a MTD]"); *Little v. City of New York*, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("[b]ecause the plaintiff is proceeding *pro se*, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading); *Roth v. Farmingdale Union Free Sch. Dist.*, 2019 WL 3281126, at *1 n. 2 (E.D.N.Y. July 19, 2019) ("All facts are taken from the complaint, amended complaint, and attached exhibits … Courts ordinarily do not consider prior iterations of a complaint, but because the plaintiff proceeds *pro se*, I interpret both the original and amended complaint together as the operative complaint").

767 (11th Cir. 2008) (citations omitted).  Also, the plaintiff has the burden of establishing that she filed a timely charge of discrimination.  *Id.* (citing *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

Plaintiff has failed to meet her burden of establishing that she filed a timely charge of discrimination.  As stated above, Plaintiff attached to her initial complaint an EEOC "Dismissal and Notice of Rights" form, which states that Plaintiff's charge of discrimination was *not* timely filed.  *See* ECF Doc. 1 at 13 ("Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.").  Thus, to the extent Plaintiff seeks to assert a discrimination claim under either the ADA or Title VII, such claims should be dismissed as time barred.  *See, e.g., Ramon v. AT&T Broadband*, 195 F. App'x 860, 866 (11th Cir. 2006) (affirming district court's finding that plaintiff's race discrimination claim was time barred because her EEOC charge was untimely filed).

2.    Discrimination Under The ADA

Even if Plaintiff's discrimination claims were not time barred (which they are), Plaintiff fails to allege that she is a qualified individual under the ADA.  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to … discharge of employees … and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A

qualified individual under the ADA is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential." *Id.*

First, Plaintiff does not assert she suffers from a condition covered by the ADA. *See Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("to establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability"). Second, Plaintiff does not allege that she was able to perform the essential functions of her position with the FDOC "with or without reasonable accommodations." To the contrary, in both her initial and amended complaint, she alleges an inability to perform her job duties. ECF Docs. 1 at 12, 5 at 15. Moreover, the letter from the FDOC attached to Plaintiff's amended complaint indicates that, at the time of her termination, Plaintiff was unable to "[lift] over 10 pounds and [conduct] home/field visits with offenders," which are "essential functions of her position [as] a Correctional Probation Specialist." ECF Doc. 5 at 15. Thus, Plaintiff has not alleged facts sufficient to indicate that she is covered under the ADA.

3.    <u>Discrimination Under Title VII</u>

Similarly, to the extent Plaintiff alleges discrimination under Title VII, she has failed to allege facts sufficient to suggest she is a member of protected class under Title VII.  Title VII makes it unlawful for an employer to intentionally discriminate against its employees based upon protected personal characteristics including race, color, religion, sex, and national origin. *See* 42 U.S.C. § 2000e-2(a).

Plaintiff alleges that Ricketson "shows favoritism to those employees that she like[s] and those that share their business with her and [tends] to retaliate against all others." ECF Doc. 1 at 11.  She also alleges Ricketson "has definitely shown a trend of treating [Plaintiff] different from other officers." *Id.*  Such allegations, even if true, however, do not show Ricketson discriminated against Plaintiff or treated her differently based upon her race, color, religion, sex, or national origin. *See Holder v. Raleigh*, 867 F.2d 823, 825-26 (4th Cir. 1989) (holding that mere favoritism, while perhaps unfair, is not violative of Title VII in the absence of improper discriminatory intent).

Plaintiff's failure to allege that she is a member of protected class or that she was treated differently because of that membership is also fatal to a claim that Plaintiff was subject to a hostile work environment.  The elements for showing a claim of hostile work environment, although generally found in sexual harassment cases, are: (1) plaintiff belongs to a protected class; (2) plaintiff was subjected to

unwelcome ... harassment; (3) the harassment was based on her protected status; (4) the harassment affected a term, condition or privilege of employment; and (5) in cases in which the employee seeks to hold the employer liable, that the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Robertson v. Alabama Dept. of Econ. and Comm. Affairs,* 902 F.Supp. 1473 (M.D. Ala. 1995) (citing *Henson v. Dundee,* 682 F.2d 897, 903–05 (11th Cir. 1982)).

Again, although Plaintiff alleges in her complaints that she was treated unfavorably by Ricketson, there are no allegations that such treatment was because of Plaintiff's race, color, religion, sex, or national origin. *See Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248–49 (11th Cir. 2014). Clearly, Ricketson and Plaintiff did not get along, and Plaintiff was unhappy with the way she was treated by Ricketson. Plaintiff's dislike of Ricketson's "attitude" alone, however, is insufficient to state a claim under Title VII. *See* ECF Doc. 5 at 9.

### 4.    Discrimination Or Interference Under The FMLA

Finally, Plaintiff has not alleged facts sufficient to demonstrate Defendants violated the FMLA. The FMLA creates "two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act … and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity

protected by the Act." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F. 3d 1199, 1206 (11th Cir. 2001).

Plaintiff alleges, with a single conclusory allegation, that she was denied her substantive rights under the Act. *See* ECF Doc. 5 at 12 ("I was never given the opportunity to receive FMLA"). However, to prove a *prima facie* interference claim, Plaintiff must allege facts sufficient to show that she was denied a benefit *to which she was entitled* under the FMLA. *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1274 (11th Cir. 2012) (quoting *Harley v. Health Ctr. of Coconut Creek*, 487 F.Supp.2d 1344, 1357 (S.D. Fla. 2006)) (emphasis added).

Plaintiff has failed to demonstrate she was denied a benefit to which she believes she is entitled. Indeed, Plaintiff fails to allege *any* facts regarding her right to benefits under the FMLA. Instead, all she states in her initial and amended complaint is simply that, "when [she] tried to get on FMLA on [her] own, [she] was told that [she] didn't have enough hours."[4] ECF Doc. 1 at 12. Plaintiff does not dispute she did not have enough hours to qualify for FMLA benefits anywhere in either of her complaints.

Moreover, "[t]here is nothing in the language of the FMLA that compels employers to provide broad based workplace accommodations to employees with

---

[4] To be eligible under the FMLA, an individual must, *inter alia*, have worked "at least 1,250 hours of service… during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

serious medical conditions.  The only type of accommodation it provides is medical leave." *Rivera v. Avis Budget Car Rental, LLC*, 2011 WL 6840946 at *6 (quoting *Henry v. Fulton County Bd. of Educ.,* 2006 WL 2927533, at *4 (N.D. Ga. Oct. 10, 2006).  Indeed, "[i]f the employee is unable to perform an essential function of the position because of a physical or mental condition, including … an injury or illness also covered by workers' compensation, the employee has no right to restoration to another position under the FMLA."  29 C.F.R. § 825.216(c).

Plaintiff admits she took a leave of absence following her work-related injury and then another when she "was stressing out" about her list of assigned work tasks. ECF Doc. 5 at 11.  She admits that, when she returned from those absences, she was unable to perform the essential functions of her position.  Thus, without more, she has failed to demonstrate she was entitled to, and denied, benefits under the FMLA. Her single conclusory statement that she was denied benefits under the FMLA is insufficient to state an FMLA interference claim.  *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).[5]

---

[5] Additionally, even if Plaintiff had alleged she was entitled to benefits under the FMLA, she fails to demonstrate that Defendants Ricketson and Gaither are responsible for denying her such benefits.

### B.    Due Process Claim - Deprivation Of Property Interest

Although Plaintiff does not explicitly state a deprivation of due process claim, reading Plaintiff's complaint liberally, the undersigned also considered whether it is possible that Plaintiff has alleged such a claim.  For the reasons set forth below, however, the undersigned finds she has not.

"[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  Thus, to state a claim that Defendants – or anyone – violated her due process rights under the Fourteenth Amendment by terminating her, Plaintiff must allege facts sufficient to show that she has a property interest in her continued employment.  *Blanton v. Griel Memorial Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)) (finding that, to state a deprivation of property interest claim in the employment context, a plaintiff must first and foremost demonstrate that she had a property interest in her employment).  Under Florida law, an employee does not have a property interest in his or her employment *unless* a contract or state or local law provides something more than an "at-will" relationship.  *McMahon v. City of*

*Edgewater, FL*, 60 F.Supp.2d 1281, 1284 (M.D. Fla. Jan. 20, 1999) (citing *Lee County Port Authority v. Wright*, 653 So.2d 1104, 1105 (F.D.C.A. 1995)).

Despite being given an opportunity to amend her initial complaint to make such a showing, Plaintiff has failed to demonstrate that she had a property interest in her continued employment. Indeed, she has not provided or referenced any contract or state or local law suggesting she had anything more than "at-will" relationship with the FDOC. Although Plaintiff attaches to her amended complaint a letter from the FDOC to the Florida Police Benevolent Association regarding her termination and referencing an Agreement between the State of Florida and the Police Benevolent Association, she does not reference such Agreement in her amended complaint or provide any information regarding the Agreement, how it has been violated, or how it affords her a property interest in her continued employment. Thus, Plaintiff has failed to allege a violation of her due process rights.[6] *See* U.S. Const. amend. XIV § 1 (requiring deprivation of "life, liberty, or property" to state a due process violation).

---

[6] Moreover, even assuming the FDOC deprived Plaintiff of a constitutionally protected property interest, she still cannot state a procedural due process claim unless she can allege facts sufficient to show that she was terminated through a constitutionally inadequate process. Plaintiff makes no such allegations; instead, she alleges simply that "[she] was terminated from [her] employment." ECF Doc. 5 at 12. Indeed, it appears Plaintiff received notice of her termination and had an opportunity to file a grievance. *Id.* at 14; *see also* Fla. Stat. § 110.227 (identifying procedures for termination of career service employees).

## IV.    CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1.    This action be DISMISSED under 28 U.S.C. § 1915(e) for failure to

state a claim on which relief can be granted.

2.    The clerk be directed to close the file.

DONE AND ORDERED this 27th day of March, 2020.


/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14
days after being served a copy thereof. Any different deadline that may appear on
the electronic docket is for the court's internal use only and does not control.  A copy
of objections shall be served upon the magistrate judge and all other parties.  A party
failing to object to a magistrate judge's findings or recommendations contained in a
report and recommendation in accordance with the provisions of 28 U.S.C. §
636(b)(1) waives the right to challenge on appeal the district court's order based on
unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.